```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

CHRIS   SMITH   AND   MARCEE
SMITH,

      Plaintiffs,

v.                                     Case No:  2:22-cv-742-JES-NPM

REV    GROUP,   INC.   AND
FREIGHTLINER CUSTOM CHASSIS
CORPORATION,

      Defendants.
```

## OPINION AND ORDER

This matter comes before the Court on review of defendant Freightliner Custom Chassis Corporation's Motion to Dismiss, or, In the Alternative Motion For a More Definite Statement and Incorporated Memorandum of Law (Doc. #12) filed on December 2, 2022. Plaintiff filed a Response in Opposition (Doc. #15) on January 3, 2023.[1]  For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

The operative pleading is an Amended Complaint (Doc. #3) which alleges the following: On or about March 21, 2022, Chris and Marcee Smith (Plaintiffs or the Smiths) purchased a new 2022 Renegade

---

[1] On February 9, 2023, Defendant REV Group, Inc. filed a Motion to Dismiss Amended Complaint, and Combined Memorandum of Law in Support (Doc. #19).  For reasons discussed below, REV Group, Inc.'s motion is denied as moot.

1

Verona LE Class C Diesel motor home, Id. No. 3ALACYEE6NDND9461, (the Vehicle) from non-party Holland Motor Homes & Bus Co. (Seller or Holland) in Holland, Michigan. (Doc. #3, ¶¶ 1-2, 7-8.) The purchase price of the Vehicle, including taxes and fees, was $371,856.03. (Id., ¶ 11.) The Vehicle was manufactured and distributed by defendants REV Group, Inc. (REV) and Freightliner Custom Chassis Corporation (Freightliner)[2], collectively Defendants. (Id., ¶¶ 2, 7.) Defendants issued the Smiths "several guarantees, affirmations, or undertakings" concerning the material and workmanship of the Vehicle and any remedial action in the event the Vehicle failed to meet certain specifications. (Id., ¶ 12.) Specifically, Defendants issued and supplied Plaintiffs with a written warranty which included a warranty fully outlined in their "new car warranty booklet." (Id., ¶ 13.) The Smiths' purchase of the Vehicle was induced by Defendants' written warranty and/or service contract, upon which they reasonably relied. (Id., ¶ 15.)

Soon after the purchase, and during the warranty period, the Smiths detected various defects and nonconformities with the Vehicle, such as a "clunking noise coming from the rear when hitting highway speeds (sic)," and the "rear end making loud noise;

---

[2] Freightliner asserts that Plaintiff has improperly named it as a defendant in this action because it was not the manufacturer of the Vehicle's chassis, and has no connection to the events described in the Amended Complaint. (Doc. #12, p. 2 n. 1.) Resolution of this factual dispute is beyond the scope of a motion to dismiss.

2

heavy vibration when going over 60 miles per hour." (Id., ¶¶ 19-20.) Plaintiffs took the Vehicle to one of Defendants' authorized service dealers, but the authorized dealer was unable to or failed to adequately repair the defects in the Vehicle in accordance with Defendants' written warranty and service contract. (Id., ¶¶ 21-22.) As a result, the Vehicle cannot be utilized for its intended purpose, is impaired in its use, value, and safety, and has caused the Smiths to incur expenses, losses, and damages. (Id., ¶¶ 23-24, 30.)

Plaintiffs assert two claims against Defendants: (1) warranty-based claims under the federal Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 et seq. (Count I); and (2) a consumer claim under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), § 501.202, Fla. Stat. (Count II). (Doc. #3, pp. 6, 8.) Plaintiffs seek damages and reasonable attorney's fees and costs, along with an order directing Defendants to properly repair any outstanding defects in the Vehicle. (Id., pp. 8, 12.)

Defendant Freightliner urges the Court to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because they each fail to state a claim upon which Plaintiffs are entitled to relief. (Doc. #12.) Plaintiffs respond that they have complied with the Federal Rules of Civil Procedure pleading requirements, and therefore Defendant's motion should be denied.  (Doc. #15.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also, Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th

4

Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A. Count I — Magnuson-Moss Warranty Act, 15 U.S.C. § 2301**

The Magnuson-Moss Warranty Act (MMWA) provides that a "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty, or service contract, may bring suit for damages. . . ." 15 U.S.C. § 2310(d)(1). Count I of the Amended Complaint brings two claims against Defendants under the MMWA, alleging a violation of a written warranty and a violation of an implied warranty. (See Doc. #3, ¶ 39: "[Defendants] made a written warranty and/or service contract and/or is subject to the provisions of an implied warranty arising under Florida law.")

As to the written warranty claim, the Amended Complaint alleges that Defendants issued and supplied Plaintiffs with a written warranty which included a warranty fully outlined in their "new car warranty booklet." (Id., ¶ 13.) Count I alleges that the Vehicle "was accompanied by a written factory warranty," and further described the written warranty as being "for any defects in material or workmanship" "to repair or replace defective parts,

5

or take other remedial action [for] free [if] vehicle failed to meet the specifications set forth in the Manufacturer's warranty." (Id., ¶ 40.) Under the written warranty, Defendants "agreed to perform effective repairs at no charge for parts and/or labor." (Id., ¶ 41.)

As to an implied warranty, Count I alleges that Defendants are "subject to the provisions of an implied warranty arising under Florida law" (Id., ¶ 39) and that the MMWA requires that Defendants be "bound by all warranties implied by Florida law." (Id., ¶ 44.) In a prior paragraph incorporated into Count I, plaintiffs allege that the implied warranties are for merchantability and fitness of particular purpose. (Id., ¶ 29.)

Freightliner moves to dismiss Count I because Plaintiffs failed to state a claim under the MMWA. Specifically, Freightliner argues dismissal is required because Plaintiffs failed to attach a copy of the written warranty and/or service contract to the complaint, and Plaintiffs are not in privity with Freightliner as required by Florida law. (Doc. #12, pp. 3-7.) The Court discusses each argument in turn.

**(1) Failure to Attach Written Warranty or Describe Terms**

Freightliner argues that the Amended Complaint repeatedly references Defendants' "written warranty and/or service contract," but that Plaintiffs failed to attach the document(s) or describe the terms of the warranty that serves as a basis for its claims.

6

Freightliner asserts that this alone warrants dismissal of their MMWA claim. (Doc. #12, pp. 4-5.) The Court finds that the failure to attach the written warranty does not require dismissal, and that the description of the warranty was sufficient for pleading purposes.

While plaintiff may attach a document to a complaint, Fed. R. Civ. P. 10(c), there is no mandatory requirement to do so. "No federal rule requires [Plaintiffs] to attach the warranty to the complaint." Thomas v. Winnebago Indus., No. 8:16-cv-177-T-23TGW, 2016 U.S. Dist. LEXIS 83114, at *5 (M.D. Fla. June 27, 2016) (citing AGSC Marine Ins. Co. v. Spectrum Underground, Inc., 2012 U.S. Dist. LEXIS 79591, 2012 WL 2087441, at *2 (M.D. Fla. June 8, 2012)("Although [a] failure [to attach a written contract] would result in a dismissal, without prejudice, of [a] breach of contract claim under Florida law . . . the Federal Rules of Civil Procedure, which apply to this case, do not have an analogous requirement.")). Rather, Rule 8(a)(2), Federal Rules of Civil Procedure, simply requires the complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The description of the written warranty, as summarized above, provides sufficient factual allegations to support a plausible claim under the MMWA, even without the attachment of the written warranty.

**(2) Lack of Privity**

7

The Amended Complaint alleges that Defendants were "in privity with Plaintiffs based upon its issuance of a written warranty and its role in the sale, distribution, and repair of the subject Vehicle ..." which is further described in twelve sub-paragraphs. (Doc. #3, ¶ 18.) Nonetheless, Freightliner argues that Plaintiff's MMWA claims must be dismissed because Plaintiffs fail to establish privity with Freightliner under Florida law. (Doc. #12, pp. 2, 4.) Freightliner asserts that "Florida law is clear that plaintiff lacks privity with a manufacturer when the plaintiff has not purchased a product directly from the manufacturer, even if plaintiff purchased the product from a dealer." (Doc. #12, p. 5.)

Florida courts have held that privity is not required for an express warranty under the MMWA, but is required for an implied warranty under the MMWA. Rentas v. DaimlerChrysler Corp., 936 So. 2d 747, 751 (Fla. 4th DCA 2006); Cerasani v. Am. Honda Motor Co., 916 So.2d 843, 847 (Fla. 2d DCA 2005); Brophy v. DaimlerChrysler Corp., 932 So. 2d 272, 274 (Fla. 2d DCA 2005); Mesa v. BMW of N. Am., LLC, 904 So. 2d 450, 458–59 (Fla. 3d DCA 2005). Under Florida law, privity of contract is required to maintain an action for breach of an implied warranty. Kramer v. Piper Aircraft Corp., 520 So.2d 37 (Fla. 1988); Ocana v. Ford Motor Co., 992 So. 2d 319, 325 (Fla. 3d DCA 2008). Here, Plaintiffs allege that they were in privity with Defendants based on several factors, including that

8

Holland was an authorized dealer of Defendant-manufacturers; that Defendant-manufacturers required its authorized dealer (Holland) to provide its customers with the manufacturer's written warranty when a new vehicle was sold by the authorized dealer; and that Defendant-manufacturers require its authorized dealers to seek authorization for performing repairs as covered by the manufacturer's warranty. This is sufficient at this stage of the litigation to establish privity. See Ins. Co. of N. Am. v. Am. Marine Holdings, Inc., No 5:04-cv-OC-10GRJ, 2005 U.S. Dist. LEXIS 39707, 2005 WL 3158049, *5 (M.D. Fla. 2005). The Court therefore denies Freightliner's motion to dismiss Count I.

### B. Count II – Florida's Deceptive and Unfair Trade Practices Act

The FDUTPA declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. § 501.204(1), Fla. Stat. See also Zlotnick v. Premier Sales Grp., Inc., 480 F.3d 1281, 1284 (11th Cir. 2007). "Although not specifically identified in the statute, there are basically three elements that are required to be alleged to establish a claim pursuant to the FDUTPA: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." Point Conversions, LLC v. WPB Hotel Partners, LLC, 324 So. 3d 947, 957 (Fla. 4th DCA 2021). The Florida Supreme Court defines a deceptive act as a "representation, omission, or practice that is likely to mislead the consumer acting

9

reasonably in the circumstances, to the consumer's detriment." PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So. 2d 773, 777 (Fla. 2003). The Court defines an unfair practice as "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" PNR, Inc., 842 So. 2d at 777.

Count II of the Amended Complaint alleges that Defendants violated the FDUTPA. Plaintiffs rely on Fla. Stat. § 501.976, which precludes a vehicle dealer from doing nineteen specifically identified things. Fla. Stat. §§ 501.976(1)-(19). It appears that Plaintiffs assert two specific violations of Fla. Stat. § 501.976: (1) Defendants marketed and advertised vehicles like Plaintiff's Vehicle through deceptive representations and delivered the Vehicle with defects and/or nonconformities in contradiction to its representations (Doc. #3, ¶¶ 58, 64); and (2) Defendants failed to comply with the written warranty/service contract, in violation of Fla. Stat. § 501.976(7). (Id., ¶ 60).

Freightliner moves to dismiss Plaintiffs' FDUTPA claim because it: (1) it fails to meet Federal Rule of Civil Procedure 9(b)'s requirement that claims sounding in fraud be pled with particularity; and (2) the alleged misrepresentations did not occur in Florida. (Doc. #12, pp. 7-11.)

**(1) Pleading a FDUTPA Claim With Particularity**

Freightliner argues that Plaintiffs' allegations in the Amended Complaint fall "woefully short" of the heightened pleading standard for FDUTPA claims sounding in fraud. (Doc. #12, pp. 7-10.) Plaintiff offers no argument to the contrary. See (Doc. #15.)

Courts are divided as to whether a FDUTPA claim must adhere to the heightened pleading standard of Rule 9(b), and there is no clear direction from the Florida Supreme Court or the Eleventh Circuit. See Eli Lilly & Co. v. Tyco Integrated Sec., LLC, No. 13-80371-CIV, 2015 U.S. Dist. LEXIS 191652, 2015 WL 11251732, at *2 (S.D. Fla. Feb. 10, 2015) (collecting cases and providing overview of the opposing arguments). It seems to the undersigned that Rule 9(b)'s more stringent pleading requirements do not apply to all FDUTPA claims, only to those that sound in fraud. Here, the FDUTPA claim that Defendants marketed and advertised vehicles, including Plaintiffs' Vehicle, through deceptive representations sounds in fraud and therefore must comply with Rule 9(b). The FDUTPA claim that Defendants failed to comply with the written warranty/service contract does not sound in fraud, and therefore need not comply with Rule 9(b). Accordingly, the motion is granted as to the fraud portion of this count, with leave to file an amended complaint.

**(2)  Alleged Misrepresentations In The State Of Florida**

Freightliner argues that Plaintiffs' FDUTPA claim must be dismissed because the alleged "misrepresentations" did not occur

11

in Florida. (Doc. #12, pp. 10-11.) Since the Court is dismissing this portion of the claim, it need not resolve this issue.

### C. Shotgun Pleading

Freightliner contends that Plaintiffs' Amended Complaint is a shotgun pleading and should be dismissed because it impermissibly lumps the Defendants together as "Manufacturers", makes every allegation jointly attributable to both Defendants, and does not provide Freightliner with adequate notice of the specific acts or omissions Plaintiffs seek to hold it liable. (Doc. #12, p. 14.) In the alternative, Freightliner moves for a more definite statement. (Id., p. 15.)

A shotgun pleading is a complaint that is "calculated to confuse" and fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320-23 (11th Cir. 2015). The Eleventh Circuit has held that "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is improper. Id. at 1323.

Despite "[t]he fact that [D]efendants are accused collectively[,] [it] does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000). The allegations in the Amended

12

Complaint permit each defendant "to identify claims with sufficient clarity to enable [them] to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005). Thus, the Court finds that the Amended Complaint is not a shotgun pleading, and denies Freightliner's motion to dismiss or for a more definite statement.

Accordingly, it is now

**ORDERED:**

1. Defendant Freightliner Custom Chassis Corporation's Motion to Dismiss, or In the Alternative, a Motion For a More Definite Statement and Incorporated Memorandum of Law (Doc. #12) is **GRANTED IN PART AND DENIED IN PART.**

2. The motion is **GRANTED** as to the portion of Court II asserting a claim based on deceptive representations. This portion of Count II of the Amended Complaint is **DISMISSED without prejudice.** Within **FOURTEEN (14) DAYS** of this Opinion and Order, Plaintiff may file a second amended complaint.

3. The motion is otherwise **DENIED.**

4. Defendant REV Group, Inc.'s Motion to Dismiss Amended Complaint, and Combined Memorandum of Law In Support (Doc. #19) is **DENIED as moot.**

13

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of February 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record